*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MONTARIO MARQUISE TAYLOR,

        Defendant-Appellant.

UNPUBLISHED
October 5, 2023

No. 349544
Genesee Circuit Court
LC No. 16-040564-FC

## ON REMAND

Before: SHAPIRO, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

This case returns to us on remand from the Supreme Court. The Supreme Court vacated Part II.D. of our previous judgment and remanded the case to us "for reconsideration in light of *People v Parks*, 510 Mich 225[; 987 NW2d 161] (2022)." *People v Taylor*, ___ Mich ___; 987 NW2d 203 (2023). Only Part II.D. was vacated; the other holdings remain intact. The facts of this case were set forth in our previous opinion:

> Defendant's convictions arise from the October 24, 2016 shooting death of Montel Wright at his home on East Bundy Street in Flint. There were no eyewitnesses to the actual shooting, but witnesses described events they observed that day near the time Wright was shot.
>
> The two key witnesses were Hosea Mosley and William Johnson. Mosley was Wright's roommate and Johnson was a friend who frequented the neighborhood where Wright and Mosley lived.
>
> Shortly before the shooting, Mosley and Rodney Hendricks were sitting in a vehicle parked in the driveway of Wright's house. The two were drinking and talking. Johnson approached the house from the street to speak to Wright about borrowing some money so he could buy a bottle of beer for his bus ride home. Johnson testified that Wright let him in the house and lent him the money. Mosley testified that around this time defendant approached Wright's home and

-1-

acknowledged Hendricks as he passed. Johnson testified that as he walked away from Wright's home he passed defendant on the porch steps. Both Mosley and Johnson testified that they saw defendant go inside Wright's home and, within moments, heard rapid-fire gunshots.

When the gunshots rang out, Hendricks and Mosley drove away, and Johnson took cover behind a nearby tree. Johnson testified that he saw defendant leave Wright's house, walk toward the street, engage in a motion with his hand similar to racking a gun, and then returned to the house. At that point, Johnson heard more rapid gunfire. He then saw defendant leave the house and run across the street and through a field. At some point, Hendricks, who had passed away by the time of trial, called 911 and identified defendant as the shooter. The 911 call was played for the jury.

Wright died from multiple gunshot wounds to his chest, abdomen, and calf. Wright was shot eight times and the bullets entered his body from both the front and the back. The police recovered nine shell casings at the scene and ballistics testing confirmed that they were all fired from the same gun. The murder weapon was not recovered and there was no forensic evidence supporting defendant's convictions. [*People v Taylor*, unpublished per curiam opinion of the Court of Appeals, issued October 21, 2021 (Docket No. 349544), p 1 (footnote omitted).]

Part II.D. of our previous opinion addressed defendant's challenge to the constitutionality of his sentence of life without parole. *Id.* at 10. In that opinion, we held that defendant's sentence was not cruel or unusual, "because defendant was 20 years old when he committed his crime, [and] the imposition of a mandatory life-without-parole sentence on him [did] not violate the Eighth Amendment[, US Const, Am VIII,] or the Michigan Constitution[, Const 1963, art 1, § 16]." *Id.*

In *Parks*, 510 Mich at 265-266, the Supreme Court held "that Michigan's sentencing scheme mandating that 18-year-old defendants convicted of first-degree murder receive a sentence of life imprisonment without the possibility of parole is cruel or unusual punishment under Const 1963, art 1, § 16." The question before us on remand is whether this holding should be extended to all of those 20 and younger. We decline to do so given the self-limited scope of the *Parks* opinion, and in light of this Court's recent, binding decision in *People v Adamowicz (On Second Remand)*, ___ Mich App ___, ___ n 1; ___ NW2d ___ (2023) (Docket No. 330612).

Although *Parks* clearly held that mandatory life without parole could not be imposed on 18-year-olds, it included language which we read as reaffirming the holding in *People v Hall*, 396 Mich 650; 242 NW2d 377 (1976), as to those aged 19, 20, and 21. The *Parks* Court stated:

We recognize that this Court has previously held that a mandatory life-without-parole sentence for felony murder did not violate Const 1963, art 1, § 16. See *People v Hall*, 396 Mich 650, 657-658; 242 NW2d 377 (1976). However, that decision did not address the issue of sentencing a *juvenile* to life without parole. Moreover, *Hall* was decided before the United States Supreme Court decided *Miller* and its progeny, and the *Hall* Court did not have the benefit of the scientific literature cited in this opinion. Accordingly, that decision does not preclude our

holding in this case. Moreover, our holding today does not foreclose future review of life-without-parole sentences for other classes of defendants; however, our opinion today does not affect *Hall*'s holding as to those older than 18. See *Hall*, 396 Mich at 657-658, 242 NW2 377. [*Parks*, 510 Mich at 255 n 9.]

Thus, *Hall* remains good law as applied to adults other than those aged 18, and is still binding on this Court. This was made clear in *Adamowicz*, which held *Hall* applied to the 21-year-old defendant, as an adult over the 18-year-old cutoff provided by *Parks*, and thus resolved the issue.

Absent further extension of *Parks* by the Supreme Court, we are bound by *Hall* and *Adamowicz* to reject defendant's argument that his mandatory life-without-parole sentence for first-degree murder is unconstitutional.[1] Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

---

[1] Defendant criticizes *Adamowicz* and urges this Court to convene a conflict panel or hold this case in abeyance pending the Supreme Court's decision on the pending application in *Adamowicz*. Because *Adamowicz* correctly reasoned this Court is bound by *Hall*, and that *Parks* itself recognized *Hall* as controlling for defendants over the age of 18, there is no need for a conflict panel or to hold this case in abeyance.